JOHN J. CALNAN CO., Plaintiff and Counterdefendant-Appellee, *v.* TALSMA BUILDERS, INC., Defendant and Counterclaimant-Appellant.

First District (4th Division)   No. 61855

Opinion filed June 23, 1976.

Thomas, Wallace, Feehan and Baron, Ltd., of Joliet (James T. Bradley, of counsel), for appellant.

Benjamin I. Coven and Fein and Hanfling, both of Chicago (Norman Hanfling, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a declaratory judgment rescinding a construction contract by reason of mistake and from a finding on defendant's counterclaim that plaintiff was not in breach of the rescinded contract. The issues presented for review are:

    (1) Whether the findings of the trial court were against the manifest weight of the evidence; and

    (2) Whether a mistake existed which would justify rescission.

On May 8, 1974, Arthur G. Talsma, president of Talsma Builders, Inc.

(hereinafter defendant), telephoned Frank J. Collins, vice president of John J. Calnan Co. (hereinafter plaintiff), and requested a plumbing subcontract bid for a nursing home in Robbins, Illinois. Defendant informed plaintiff that it wanted the bid "as soon as possible." On May 14, 1974, plaintiff delivered a plumbing bid of $237,000, only to learn later of an error in its bid caused by certain bathtubs which had not been included in its original estimate. The error amounted to $40,000 and was the subject of conferences among the owner of the project, defendant and plaintiff until June 13, 1974, when an agreement arose which is now the subject matter of this lawsuit. The agreement set forth a bid of $277,000 to be paid plaintiff in monthly payments of 90% of the work performed in any preceding month. Paragraph "K" of this agreement provided:

> "This contract is predicated upon the ability of Allen L. Wright Development Corporation to procure the finalization of mortgage financing through their mortgage lendors and the backing of said mortgage by F.H.A."

Plaintiff claims to have been assured by Talsma that financing was available and that the job would begin immediately. Both defendant and plaintiff then prepared for plaintiff's entry onto the construction site which occurred on August 18, 1974. Plaintiff's first request for payment, at the end of August, apparently was turned down due to a delay in financing. Plaintiff then discovered a further $31,000 error in its bid and requested an increase from defendant. Negotiations ensued, but defendant was unable to procure an increase from the owner of the project and had to refuse plaintiff's request for an increase in the agreement price. Defendant claims that plaintiff then refused to post surety bonds and was absent from the site from September 17, 1974, to October 11, 1974. Plaintiff resumed its plumbing work from October 11, 1974, to October 23, 1974, completing all plumbing work necessary for the excavation and construction of the main building. This lawsuit resulted when plaintiff left the job site for the last time.

Defendant asserts that plaintiff has failed to show a mistake which would justify rescission.

■■ We look first to the question of the sufficiency of the evidence. While a trial court's holding is always subject to review, its findings will not be disturbed on appeal where there is evidence in the record to support them and they are not against the manifest weight of the evidence. (*Kenny Construction Co. v. Metropolitan Sanitary District* (1972), 52 Ill. 2d 187, 288 N.E.2d 1.) Moreover, for a judgment to be against the manifest weight of the evidence an opposite conclusion must be clearly evident. *Comm v. Goodman* (1972), 6 Ill. App. 3d 847, 286 N.E.2d 758.

Plaintiff in the case before us responded to defendant's request for a bid

"as soon as possible" with a plumbing bid of $237,000. Further evidence adduced at trial showed that defendant agreed to an increase of plaintiff's original bid to $277,000 on June 13, 1974, but refused a further increase of $31,000. These requests for increase resulted from the omission of certain bathtubs and the entire water supply system in the original bid. We have examined the record and find the totality of the evidence to support the trial court's finding that a mistake had been made.

The next question is whether the mistake justified rescission of the contract. Two recent cases from this court have set forth four conditions generally required for rescission of bids of subcontractors. (1) The mistake must relate to a material feature of the contract; (2) the mistake must be of such grave consequence that enforcement of the contract would be unconscionable; (3) the mistake must have occurred notwithstanding the exercise of reasonable care; and (4) the other party can be placed *in statu quo. People ex rel. Department of Public Works & Buildings v. South East National Bank* (1971), 131 Ill. App. 2d 238, 266 N.E.2d 778; *Santucci Construction Co. v. County of Cook* (1974), 21 Ill. App. 3d 527, 315 N.E.2d 565.

■■ In the instant case the mistake involved the cost of certain bathtubs amounting to $40,000 and the cost of the entire water supply system amounting to $31,000. The total mistake on the original bid was $71,000 resulting in a mistake of approximately 25% on the original and intended bid. While the total mistake was partially corrected, it is clear that the bathtubs and the water supply system involved a material element of the contract. Plaintiff stood to lose a substantial sum whether it performed at its original bid of $237,000 or at its modified bid of $277,000. It would thus have been unconscionable to enforce the contract.

■■ Plaintiff responded to defendant's request for a bid as soon as possible. Defendant then agreed to modify the bid to correct the $40,000 mistake, but later refused to correct the $31,000 mistake. Furthermore, the question of reasonable care is one of fact to be determined by the trial court and such determination will not be disturbed unless it is against the manifest weight of the evidence. (*Santucci Construction Co. v. County of Cook* (1974), 21 Ill. App. 3d 527, 315 N.E.2d 565.) In the case before us, both parties disputed the urgency of the bid, plaintiff claiming that defendant requested a rush bid and defendant claiming that it gave plaintiff adequate time to put its bid together. The record reveals that defendant's request was for a bid as soon as possible. A $71,000 mistake resulted of which $40,000 was corrected through negotiations, but a $31,000 mistake remained. Under these circumstances, we are of the opinion the trial court had sufficient evidence to find that plaintiff exercised reasonable care.

■■ Concerning the question as to whether defendant may be placed

*in statu quo*, testimony revealed that plaintiff completed all plumbing work necessary for the excavation and construction of the main building. The balance of the plumbing subcontract was relet to another plumbing firm. We do not believe that this resulted in prejudice to defendant.

■■  We therefore find the four conditions for rescission set forth in *South East National Bank*, and followed in *Santucci*, to have been met in the case before us. Accordingly, we affirm the judgment of the trial court finding for the plaintiff on the declaratory judgment and for the counterdefendant on the counterclaim.

Judgment affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.